Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **David A. Nelson,** an individual;<br><br>Plaintiff,<br><br>v.<br><br>**National Action Financial Services, Inc.,** a Georgia corporation;<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff, David A. Nelson, by and through counsel undersigned and in good faith, alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"), and for state law claims for unreasonable debt collection and invasion of privacy. In the course of attempting to collect a debt allegedly

owed by Plaintiff, Defendant engaged in deceptive, unfair and / or abusive debt collection practices in violation of the FDCPA, and took actions which constitute unreasonable debt collection and/or invasion of privacy under the doctrine enunciated in Fernandez v. United Acceptance Corporation, 610 P.2d 461 (Ariz. App. 1980). Plaintiff accordingly seeks to recover actual damages, statutory damages and punitive damages, as well as reasonable attorney's fees and costs.

**II. STATUTORY STRUCTURE OF FDCPA.**

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines “debt” as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines “debt collector’ as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney’s fees as determined by the Court and costs of the action. FDCPA § 1692k.

## III. JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Prescott Division of the District of Arizona as Plaintiff’s claims arose from acts of the Defendant perpetrated therein.

## IV. PARTIES

9. Plaintiff is a citizen of Navajo County, Arizona.

10. Plaintiff was allegedly obligated to pay a consumer debt and is a “consumer” as defined by FDCPA §1692a(3).

11. Defendant National Action Financial Services, Inc. (“NAFS”) is a Georgia corporation.

12. NAFS is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0015121.

13. NAFS regularly collects or attempts to collect debts owed or asserted to be owed or due another and is a “debt collector” as defined by FDCPA §1692a(6).

## V. FACTUAL ALLEGATIONS

14. Several years ago, Plaintiff opened a credit card account with Direct Merchants Credit Card Bank. The charges on the account were made for personal and family purposes.

15. Plaintiff subsequently defaulted on the Direct Merchants account and it was sold to Capital One.

16. Sometime thereafter the Direct Merchants account was assigned to NAFS for collection purposes.

17. On or about September 26, 2005, Plaintiff received in the mail a collection notice from NAFS stating that it was attempting to collect on the Direct Merchants account.

18. Plaintiff telephoned the number on the notice as spoke with Mrs. Kolmer, a collector.

19. During the conversation, Kolmer told Plaintiff that NAFS had taken over the account and that it would no longer accept monthly payments, and demanded payment in full.

20. Plaintiff told Kolmer that he could not come up with the full amount, and explained that he had been on disability since September 2003.

21. Kolmer then transferred Plaintiff to another collector who told Plaintiff that it he did not pay them in full at that time, they would put a judgment against him.

22. This collector also told Plaintiff that they would garnish his Social Security disability check.

23. The collector also told Plaintiff that they could take his car which is financed through Ford Motor Credit, and sell it, and he would still have to pay off Ford Motor Credit.

24. The collector also told Plaintiff that if he did not pay the account in full at that time, they could also take his home.

25. This collector also told Plaintiff that he could withdraw $3,516 from another credit card account he had and pay NAFS, and NAFS would consider the account paid in full.

26. When Plaintiff told the collector that he could not afford to do that because his medical care and insurance was costing him too much, the collector told Plaintiff that he should stop paying for his insurance.

27. Plaintiff explained that he could not afford to cancel his insurance because then he would not be able to pay his medications and that without them, he would be dead within a few days.

28. The collector then told Plaintiff that he would not have to worry about getting medical care because the federal government would take care of him.

29. The collector wanted Plaintiff to make a decision right then, but Plaintiff told him he would need a few days to think about it.

30. The collector told Plaintiff that he had to call him by the next day else.

31. The statements by NAFS' collector as set forth in paragraphs 21 though 30 were false when they were made, and were made with intent to harass Plaintiff and coerce payment out of him.

32. Plaintiff attempted to call local bankruptcy attorneys to get some advice, but they were to busy to talk with him.

33. Pursuant to some advice from a friend, Plaintiff resumed making $20 payments on the account to NAFS.

34. NAFS started to call Plaintiff nearly every day on his cellular phone.

35. As a result of the threats and harassment Plaintiff received from NAFS' collector, Plaintiff became very depressed and had to seek additional medical assistance for the depression. As a result, Plaintiff began taking antidepressants in addition to all the other medicine he had been taking.

36. In December 2005, Capital One sold the account to Portfolio Recovery Associates, LLC.

37. Upon information and belief, at no time did NAFS have authority from Capital One to file suit against Plaintiff.

38. Upon information and belief, at no time did NAFS intend to take legal action against Plaintiff on the Direct Merchants account.

39. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages. These damages include, but are not limited to, headaches, loss of sleep, inability to concentrate, depression, humiliation, embarrassment, and other extreme emotional distress.

40. Defendant's actions were intentional, willful, and in gross or reckless disregard of the rights of Plaintiff and as part of its persistent and routine

practice of debt collection.

41. In the alternative, Defendant's actions were negligent.

## VI. CAUSES OF ACTION

### a. Fair Debt Collection Practices Act

42. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

43. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(4), 1692e(5), and 1692e(10).

44. As a direct result and proximate cause of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages for which Defendant is liable.

### b. Invasion of Privacy

45. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

46. Defendant's actions constitute unreasonable debt collection and an invasion of Plaintiff's privacy pursuant to the doctrine enunciated in <u>Fernandez v. United Acceptance Corporation</u>, 610 P.2d 461 (Ariz. App. 1980).

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

/ / /

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to §1692k;

b) Actual damages in an amount to be determined at trial;

c) Punitive damages in an amount to be determined at trial;

d) Costs and reasonable attorney's fees pursuant to §1692k; and

e) Such other relief as may be just and proper.

DATED April 7, 2006 .

**FLOYD W. BYBEE, PLLC**

s/ Floyd W. Bybee

Floyd W. Bybee, #012651
2173 E. Warner Road
Suite 101
Tempe, Arizona 85284
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff